UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
………………………………………………….…………x
JAMES CANNER, KARL HAYES, JAMES
MCCORMACK, JOSE MIGUEZ, JOHN RADIN, and
BENJAMIN TAYNE

               Plaintiffs,                     **MEMORANDUM AND ORDER**
                                                      12-cv-2611 (DRH)(GRB)

        -against-

THE CITY OF LONG BEACH, CITY OF LONG
BEACH POLICE DEPARTMENT, MICHAEL
TANGNEY, FRAN ADELSON, LEN TORRES,
MICHAEL FAGEN, SCOTT J. MANDEL, JOHN C.
MCLAUGHLIN, JACK SCHNIRMAN, PATROLMEN
BENEVOLENT ASSOCIATION OF THE CITY OF
LONG BEACH, INC., and STEFAN CHERNASKI,

               Defendants.
………………………………………………………….…x

**APPEARANCES:**

**Rothstein Law PLLC**
Attorneys for the plaintiffs
11 Park Place
Suite 1801
New York, NY 10007
By:    Eric Edward Rothstein, Esq.

**Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP**
Attorneys for the defendants City of Long Beach,
City of Long Beach Police Department,
Michael Tangney, Fran Adelson, Len Torres, Michael Fagan,
Scott J. Mandel, John C. McLaughlin, Jack Schnirman
333 Earle Ovington Blvd.
Suite 1010
Uniondale, New York 11553
By:    Jeffrey G. Stark, Esq.
        Donald Jay Schwartz, Esq.
        Danielle B. Gatto, Esq.

**Winget, Spadafora & Schwartzberg, LLP**
Attorneys for the defendants Patrolmen Benevolent Association
of the City of Long Beach, Inc. and Stefan Chernaski
45 Broadway
19th Floor
New York, New York 10006
By:    Dianna D. McCarthy, Esq.
        Robyn Leigh Silvermintz, Esq.


**HURLEY, Senior District Judge:**

Plaintiffs James Canner, Karl Hayes, James McCormack, Jose Miguez, John Radin, and Benjamin Tayne, (collectively "plaintiffs") commenced this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated their rights under the First and Fourteenth Amendments of the United States Constitution by retaliating against them based on their political affiliation.

Presently before the Court is a motion made by defendants Patrolmen Benevolent Association ("PBA") and Stefan Chernaski (collectively "PBA defendants" or "defendants") seeking reconsideration of the Court's decision to deny the PBA defendants' motion to dismiss Count X of the Complaint alleging a breach of the duty of fair representation ("DFR") under state law against Stefan Chernaski. For the reasons set forth below, the PBA defendants' motion is granted, and the plaintiffs' duty of fair representation claim is dismissed against Chernaski.

**BACKGROUND**

The Court assumes familiarity with the facts and procedural history of this case as set forth in its June 23, 2014 order on the defendants' motion to dismiss.

**DISCUSSION**

*I.*    *Legal Standard*

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Int'l Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *accord Arum v. Miller,* 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003); *see also U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,* 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (concluding that a motion for reconsideration under Local Civil Rule 6.3 "provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice"). The moving party, however, may not repeat "arguments already briefed, considered and decided." *Schonberger v. Serchuk,* 742 F. Supp. 108, 119 (S.D.N.Y.1990); *accord Polsby v. St. Martin's Press, Inc.,* 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000); *see also Medoy v. Warnaco Employees' Long Term Disability Ins. Plan,* 2006 WL 355137 (E.D.N.Y. Feb. 15, 2006) ("The standard for . . . reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

## II. *Discussion*

In defendants' motion to dismiss papers, they urged that a DFR claim could not stand against Chernaski, the President of the PBA, and was proper only against the PBA itself. In its decision on that motion, however, the Court determined that "the case law provided [by the defendants was] inadequate to support" defendants' position that union officers and employees are not individually liable to third parties for acts performed as representatives of the union. (Order at 25.) Specifically, the Court was not convinced by the defendants' reliance on *Duane Reade, Inc. v. Local 338 of Retail, Wholesale Dep't Store Union, UFCW, AFL-CIO*, 3 Misc. 3d 405 (N.Y. Sup. 2003). In that case, the court dismissed plaintiff's state claims against union

representatives in their individual capacities. That court, however, relied on *Covello v. Depository Trust Co., Local 153*, 88 F. Supp. 2d 59, 61 (E.D.N.Y. 2000), which held that on federal representation claims "union officers and employees are not individually liable to third parties for acts performed as representatives of the union." Defendants also cited to *Butler v. McCarty*, 191 Misc. 2d 318 (N.Y. Sup. 2002), where the court similarly dismissed plaintiff's state DFR claim based on the *Covello* holding. But since *Covello* applied only to federal DFR claims, however, the Court was not persuaded to dismiss plaintiffs' state DFR claim.

For the first time in their moving papers, defendants cite directly to New York State Civil Service Law § 200, *et seq* ("the Taylor Law"), which they claim "governs the actions of public sector employers and their corresponding unions in the State of New York." (Defs.' Mem. in Supp. at 4.) *See Bacchus v. City of New York*, 2013 WL 1345153, at *2 (E.D.N.Y Mar. 29, 2013) (stating that state "duty [of fair representation claim] is codified in the Taylor Law.") Plaintiffs do not contest that their state law claim is governed by the Taylor Law. Subsection 2 of § 209-a of the Taylor Law entitled "Improper employee organization practices," provides that "[i]t shall be an improper practice for an employee organization or its agents deliberately . . . to breach its duty of fair representation to public employees under this article." N.Y. Civ. Serv. Law § 209-a(2)(c). Furthermore, the Taylor Law defines an employee organization as "an organization of any kind having as its primary purpose the improvement of terms and conditions of employment of public employees." *Id.* § 201(5). Defendants contend that "[a] plain reading of the expressed language of this statutory provision indicates that only unions may violate this provision of the Taylor Law, and more importantly, only unions, not its officers, elected officials, and executive boards, may be deemed to have committed a violation of the duty of fair representation." (Defs.' Mem. in Supp. at 4.) Plaintiffs have not pointed to any authority

supporting the contrary.  Moreover, a plain reading of the statute indicates that defendants are correct in that a New York state DFR claim is actionable only against a union and not individual representatives.

Furthermore, as defendants point out, the New York state DFR claim is derived from the federal DFR claim.  *Sinicropi v. N.Y. State Pub. Emp't Relations*, 125 A.D. 2d 386, 389 (2d Dep't 1986) ("The New York courts have adopted the breach of duty of fair representation cause of action, and have permitted its assertion in State court by public employees otherwise exempt from Federal regulation.").  This would explain the state courts' reliance on *Covello* in *Butler* and suggests that the New York state courts have adopted the federal rule prohibiting DFR claims against union representatives.

For the foregoing reasons, plaintiffs' state DFR claim is dismissed against defendant Chernaski.

## Conclusion

For the foregoing reasons, defendants' motion for reconsideration is granted, and the plaintiffs' state DFR claim is dismissed against defendant Chernaski.

**SO ORDERED.**

Dated: Central Islip, New York
     February 11, 2015

_____/s/_____
Denis R. Hurley
United States District Judge