UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
………………………………………………..…………x
JAMES CANNER, KARL HAYES, JAMES
MCCORMACK, JOSE MIGUEZ, JOHN RADIN, and
BENJAMIN TAYNE

                      Plaintiffs,         **MEMORANDUM AND ORDER**
                                                 12-cv-2611 (DRH)(GRB)

     -against-

THE CITY OF LONG BEACH, CITY OF LONG
BEACH POLICE DEPARTMENT, MICHAEL
TANGNEY, FRAN ADELSON, LEN TORRES,
MICHAEL FAGEN, SCOTT J. MANDEL, JOHN C.
MCLAUGHLIN, JACK SCHNIRMAN, STEVEN
KOHUT, DEMOCRATIC CLUB OF LONG BEACH, INC.,
LONG BEACH DEMOCRATIC COMMITTEE,
PATROLMEN'S BENEVOLENT ASSOCIATION OF
THE CITY OF LONG BEACH, INC. a/k/a LONG BEACH
POLICE BENEVOLENT ASSOCIATION, INC. a/k/a
CITY OF LONG BEACH PATROLMEN'S
BENEVOLENT ASSOCIATION INC., and STEFAN
CHERNASKI,

                      Defendants.
………………………………………………….……x

**APPEARANCES:**

**Rothstein Law PLLC**
Attorneys for the plaintiffs
11 Park Place
Suite 1801
New York, NY 10007
By:    Eric Edward Rothstein, Esq.

**Winget, Spadafora & Schwartzberg, LLP**
Attorneys for the defendant Patrolmen Benevolent Association
of the City of Long Beach, Inc.
45 Broadway
19th Floor
New York, New York 10006
By:    Dianna D. McCarthy, Esq.
         Robyn Leigh Silvermintz, Esq.

**HURLEY, Senior District Judge:**

Plaintiffs James Canner, Karl Hayes, James McCormack, Jose Miguez, John Radin, and Benjamin Tayne, (collectively "plaintiffs") commenced this action pursuant to 42 U.S.C. § 1983 alleging that defendants the City of Long Beach, Michael Tangney, Fran Adelson, Len Torres, Michael Fagen, Scott J. Mandel, and Jack Schnirman ("Municipal Defendants" or "City Defendants") violated their rights under the First and Fourteenth Amendments of the United States Constitution by retaliating against them based on their political affiliation. Additionally, plaintiffs asserted a New York state duty of fair representation ("DFR") claim against the Patrolmen's Benevolent Association ("the Union" or "the PBA" or "defendant") and Stefan Chernaski, its president at all relevant times.

As a result of prior orders in this case and subsequent settlements between the parties, the only remaining claims in this action are the plaintiffs' DFR claims against the PBA. Presently before the Court is the PBA's motion to dismiss those claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(c). For the reasons set forth below, the PBA's motion to dismiss is granted.

*BACKGROUND*

The Court assumes familiarity with the facts of this case as set forth in its prior orders.

*DISCUSSION*

## I. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The party invoking federal jurisdiction bears the burden of proving facts to establish that

jurisdiction." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). "In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." *Cunningham v. Bank of New York Mellon, N.A.*, 2015 WL 4101839, *1 (E.D.N.Y. July 8, 2015) (citing *Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

The standard for evaluating a motion for judgment on the pleadings, pursuant to Rule 12(c), is the same as the standard for a motion to dismiss under Rule 12(b)(6). *See Karedes v. Ackerley Group, Inc.,* 423 F.3d 107, 113 (2d Cir. 2005). In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007); *accord Harris v. Mills,* 572 F.3d 66, 71–72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678; *accord Harris,* 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. *Iqbal,* 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.; accord Harris,* 572 F.3d at 72.

In making its determination, the Court is confined to "the allegations contained within the four corners of [the] complaint." *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 71 (2d Cir. 1998). However, this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be

taken. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir. 2002) (citations omitted); *Kramer v. Time Warner* Inc., 937 F.2d 767, 773 (2d Cir. 1991).

## II. *Plaintiffs' Duty of Fair Representation Claims*

### A. Supplemental Jurisdiction Pursuant to Rule 12(b)(1)

The PBA argues that the Court should decline to exercise supplemental jurisdiction over the plaintiffs' DFR claims. Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . [including] claims that involve the joinder or intervention of additional parties." The district courts may decline to exercise supplemental jurisdiction, however, if "the claim raises a novel or complex issue of State law," "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," "the district court has dismissed all claims over which is has original jurisdiction," or "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Here, defendant argues that the Court should decline to exercise supplemental jurisdiction over plaintiffs' DFR claims because all federal claims over which the Court had original jurisdiction have been dismissed. Defendant cites *Kavit v. A. L. Stamm & Co.*, for the proposition that where "it appears that the federal claims are subject to dismissal under [Rule 12(b)(6)] . . ., the court should refrain from exercising pendent jurisdiction absent exceptional circumstances." 491 F.2d 1176, 1179-80 (2d Cir. 1974). However, in that case, the court also noted that "[s]uch circumstances might be found when . . . dismissal of the pendent claims would . . . clash with the directive in [*United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966)] that pendent jurisdiction serve the ends of judicial economy, convenience and fairness to

litigants." *Id.* at n. 4 (internal quotation marks and citation omitted). Here, to now require plaintiffs to bring their DFR claims in state court, would be unfair to them given the amount of time the parties have spent litigating this action in federal court since 2012. Therefore, the Court declines to relinquish jurisdiction over plaintiffs' DFR claims.

> B. Plaintiffs' Argument for Dismissal Pursuant to Rule 12(c)

Defendant argues that "Plaintiffs' DFR claim against the PBA must be dismissed as barred due to Plaintiffs' settlement and dismissal with prejudice of their claims against the Municipal Defendants." (Def.'s Mem. in Supp. at 7.) Pursuant to the Taylor Law, the statute that governs the plaintiffs' DFR claims, "[t]he public employer shall be made a party" to actions by a union member against a union for breach of the duty of fair representation. N.Y. Civ. Serv. Law § 209-a(2)-(3). Moreover, in order to recover damages on such a claim, "the employee must prove the merits of the underlying grievance against the employer, the proper prosecution of which the union is alleged, by its misconduct, to have foreclosed." *Sinicropi v. N. Y. State Pub. Empl. Relations Bd.*, 125 A.D. 2d 386, 388-89 (2d Dep't 1986), *appeal dismissed*, 69 N.Y. 2d 822 (1987); *Botkin v. United Fed. Of Teachers*, 561 N.Y.S. 2d 730, 730 (1st Dep't 1990); *Tunne v. Duane Reade, Inc.*, 2012 LEXIS 1973, *12-13 (Sup. Ct. N.Y. Apr. 23, 2012). Defendant argues that "based on Plaintiffs' settlement and dismissal of all claims against the Municipal Defendants, they are foreclosed from proving a violation by the Municipal Defendants on *res judicata* grounds and will likewise be unable to prove that the PBA breached its duty of fair representation." (Def.'s Mem. in Supp. at 8-9.) Plaintiffs argue, however, that "because plaintiffs' claim against the City defendants terminated with a settlement, rather than an adverse finding, res judicata does not prevent them from proving the merits of the underlying grievance against the City defendants." (Pls.' Mem. in Opp'n at 3.)

Courts have found that where the underlying grievance against the employer has been "fully litigated," and resolved against the plaintiff, he or she is barred by the principles of *res judicata* from proving the underlying employer grievance for purposes of a DFR claim. *Sinicropi*, 125 A.D. 2d at 389; *Botkin*, 167 A.D. 2d at 232. Additionally, one New York state court has found that where a plaintiff has settled the underlying grievance with the employer, his or her duty of fair representation claim is also barred. *Tunne*, 2012 LEXIS 1973 at *12-13 ("A result of his settlement with [his employer] is that . . . [the union] cannot provide the requested relief because he forgave and released [his employer] from all claims, including those underlying his requested grievance.") This outcome is in line with the principle that settlements are entitled to *res judicata* effect. *See Spitzer v. Applied Card Sys., Inc.*, 11 N.Y. 3d 105, 124-25 (2008); *Stonewall Ins. Co. v. Nat'l Gypsum Co.*, 1992 WL 51567, *4 (S.D.N.Y. Mar. 9, 1992) ("a stipulated and court-ordered dismissal with prejudice is a valid judgment on the merits, entitled to preclusive effect). Moreover, plaintiffs have not pointed to any cases suggesting that a contrary outcome is required.

Here, since plaintiffs have settled their claims with all Municipal Defendants, and those claims have been dismissed with prejudice, they are barred from asserting DFR claims against the union. As a result, plaintiffs' DFR claims are dismissed.

## *CONCLUSION*

For the reasons set forth above, the PBA's motion to dismiss is granted. The clerk of the Court is directed to close this case.

*SO ORDERED.*

Dated: Central Islip, New York
       April 26, 2017

/s/
Denis R. Hurley
Unites States District Judge